UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLEY T. HUNTER,

    Plaintiff,                       No. C 08-4213 PJH

    v.                               **ORDER GRANTING MOTION TO TRANSFER**

ANGELO MOZIL, et al.,

    Defendants.

_____/

Defendants' motion to dismiss the above-entitled action, or in the alternative, to transfer the case to the Southern District of Texas, came on for hearing before this court on November 5, 2008. Plaintiff Charley T. Hunter appeared in propria persona, and defendants appeared by their counsel Andrew S. Elliott.

Because plaintiff had not filed a written opposition to the motion in this court,[1] the court allowed him an additional two weeks to do so. Plaintiff filed an opposition on November 10, 2008, and a supplemental opposition on November 17, 2008, and defendants filed a reply on November 19, 2008.

Having read the parties papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to dismiss and GRANTS the motion to transfer.

---

[1] Plaintiff filed what appeared to be an opposition in the Superior Court of California, County of San Francisco, where the action was pending before it was removed.

## BACKGROUND

Pro se plaintiff Charley T. Hunter ("Hunter") filed this action in the Superior Court of California, County of San Francisco, on August 1, 2008, against defendants Angelo Mozillo (erroneously named as "Angelo Mozil" or "Angelo Mozilo"); Countrywide Financial Corp.; Countrywide Home Loans, Inc.; Full Spectrum Lending, Inc.; and David Sambol (erroneously named as "David Samol") (collectively "Countrywide").

The complaint alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq.; the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41, et seq.; Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq.; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.; and unspecified "Fair Lending" regulations statutes and "Housing and Urban Development" regulations. The complaint seeks restitution, injunctive relief, other equitable relief, and civil penalties under California Business & Professions Code §§ 17200, et seq. and 17500, et seq.; and also seeks punitive damages.

Although it is difficult to determine exactly what the dispute is about from Hunter's complaint, Countrywide provides the following information. In a deed of trust dated August 20, 1999 ("Deed of Trust"), Hunter and two other individuals – Alvin Dawson and Carolyn Dawson ("the Dawsons") – conveyed a security interest in their real property located in Missouri City, Texas ("the subject property"), in return for a loan of $200,000. The Deed of Trust was certified by a Texas notary public, and was recorded by the Clerk of Fort Bend County, Texas.

The deed of trust authorizes the lender to charge the borrowers for property taxes and insurance due on the subject property. Deed of Trust, ¶ 2. The Deed of Trust provides that all payments received by the lender shall be applied "first, to any prepayment charges due under the Note; second, to any amounts payable under paragraph 2 ['Taxes and Insurance']; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note." Id. ¶ 3. The Deed of Trust provides further that it "shall be governed by federal law and the law of the jurisdiction in which the Property is located." Id. ¶ 15.

Hunter alleges that he is subject to a "tax deferral" under which he is not required to pay property taxes to the Fort Bend Appraisal District. He asserts that notwithstanding this "tax deferral," Countrywide continues to administer an escrow account through which it collects property taxes from Hunter, and that in so doing, Countrywide had violated his rights under various federal statutes, including RESPA, HOLA, FTCA, and FHA.

On August 4, 2008, the Dawsons filed a complaint in the Superior Court of Texas, County of Fort Bend. The Dawsons' complaint asserts claims against the same defendants sued herein, and appears identical to the complaint filed in the San Francisco Superior Court, except that the Texas complaint is signed "Carolyn R. Dawson," and the California complaint is signed "Charly [sic] T. Hunter."

On September 5, 2008, Countrywide removed the present action on grounds of federal question jurisdiction, based on the RESPA and FTCA claims. On September 19, 2008, Countrywide removed the Texas state court action to the Southern District of Texas.

On September 12, 2008, Countrywide field the present motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

**DISCUSSION**

A.  Legal Standards

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 & n.4 (9th Cir. 2000).

Alternatively, notwithstanding that venue may be proper, "[f]or the convenience of parties, witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In considering whether to transfer a case under § 1404(a), the court should consider the plaintiff's choice of forum, the convenience of the parties, the convenience of the

witnesses, the ease of access to the evidence, the familiarity of each forum with the applicable law, the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time of trial in each forum.  See Williams v. Bowman, 157 F.Supp. 2d 1103, 1106 (N.D. Cal. 2001).

B.    Defendants' Motion

Countrywide argues that this case should be dismissed or transferred because venue is improper in this district.  Countrywide asserts that venue is improper because RESPA includes a provision requiring that a lawsuit under RESPA be brought only in a district where the property involved is located, or where the violation occurred.  See 12 U.S.C. § 2614 (an action pursuant to §§ 2605, 2607, or 2608 may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property is located, or where the violation is alleged to have occurred).

Countrywide asserts that the present case involves allegations regarding the administration of an escrow account.  Section 2605(a) governs the administration of escrow accounts:

> If the terms of any federally regulated mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

12 U.S.C. § 2605(g).

Countrywide notes that Hunter does not allege in the complaint which provision of RESPA defendants violated.  However, Countrywide notes, Hunter alleges various improprieties relating to the administration of his escrow account, in particular, relating to Countrywide's payment of property taxes from the escrow account.  Thus, Countrywide argues, the RESPA allegations appear to fall under § 2605, and thus would be subject to the venue provision set forth in § 2614.

Countrywide asserts that under § 2614, venue is proper only in the Southern District of Texas, as the subject property is located within that district, and the violations alleged

4

(improper administration of the escrow account) took place there. In any event, Countrywide contends, none of the alleged violations occurred in this judicial district.

Countrywide argues that under 28 U.S.C. § 1406(a), the court has the discretion to either dismiss the case, or to transfer it to another venue. Countrywide argues that the present suit should be dismissed because an identical lawsuit has been filed in Texas by the Dawsons. Countrywide asserts that Hunter could easily join that lawsuit, or could simply let the Dawsons proceed with that lawsuit on their own, since all are co-borrowers on the same loan. In the alternative, Countrywide seeks an order under 28 U.S.C. § 1406(a) transferring the case to the U.S. District Court for the Southern District of Texas.

In the event that the court finds that venue is proper in this district, Countrywide argues that the case should be transferred from this district to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses.

With regard to the § 1404(a) factors, Countrywide argues, first, that Hunter's choice of forum should not be given great weight, because the Northern District of California lacks a significant connection to the activities alleged in the complaint. The subject property is located in Texas, which is also the place in which the loan originated, and where the deed of trust is recorded.

As for the convenience of the parties, Countrywide argues that defendants would be prejudiced if the lawsuit were kept here because they would need to defend against two almost identical lawsuits, one in Texas and one here, and to pay two sets of counsel. Countrywide also notes that although the present action was purportedly brought by Hunter, it appears that it is actually being litigated by Carolyn Dawson,[2] who is

---

[2] Indeed, the court notes that despite being repeatedly cautioned by the court at the November 5, 2008, hearing on the present motion that she could not speak for Hunter, Ms. Dawson (who is not an attorney) persisted in doing so, asserting that Hunter was unable to talk because he was having throat trouble. In addition, the joint case management conference statement, filed herein on December 4, 2008, states that a telephonic meet-and-confer was conducted on December 3, 2008, between counsel for defendants and Ms. Dawson, "who has indicated that she represents pro per plaintiff Charley Hunter because the latter is too heavily medicated to represent his own interests." Joint Case Management and FRCP 26(f) Statement, at 2. The joint case management conference statement is signed "Carolyn Dawson," with the words "Representing Plaintiff" printed below the signature.

simultaneously litigating identical claims in this court and in Texas.

Regarding the third factor, the convenience of the witnesses, Countrywide asserts that Texas is the most convenient forum. Countrywide argues that the Dawsons reside in Texas, the personnel employed by the Fort Bend County Appraisal District reside in Texas, and every other conceivable witness other than Hunter resides in Texas. Countrywide contends that most witnesses would be beyond this court's subpoena power were the case to remain in this district.

Countrywide does not separately address the fourth factor, the ease of access to the evidence, though presumably a similar argument would apply as with regard to the availability of witnesses.

Regarding the fifth factor, the familiarity of each forum with the applicable law, Countrywide argues that Texas courts would be more familiar with Texas property law, which to some degree underlies the substantive claims in the case.

With regard to the sixth factor, the feasibility of consolidation with other claims, Countrywide contends that this case properly should be consolidated or coordinated with the Dawsons' Texas lawsuit, as it involves exactly the same loan on the same property, and the same claims of improper actions by Countrywide. Countrywide also asserts that there is a risk of inconsistent results on the same issues if the case is not transferred.

With regard to the seventh factor, the existence of local interest in the controversy, Countrywide asserts that Texas clearly has an interest in how its property taxes are collected, as well as an interest in the subject property, which lies within its confines, and that this district has virtually no interest in the matter. The sole connection with this district is that Hunter has an address here, and has chosen to file his lawsuit here. But Countrywide contends that Hunter's minimal connections with this district (his local address) should be given little consideration in light of the fact that none of the events giving rise to this litigation took place in California.

Countrywide does not address the eighth factor, the relative court congestion and time of trial in each forum.

In opposition, Hunter asserts that "the case is not about RESPA because the case was amended." He then states that the case "is hereby Amended as follows: For Breach of Contract, Over Billing, Mail Fraud and Extortion, as the primary reason the Law Suit." Plaintiff appears to be asserting that he has amended the complaint to eliminate the RESPA claim. However, to date, no amended complaint has been filed, and the RESPA claim remains in the case. Plaintiff also argues that "there are no witnesses in this case other than Countrywide," that defendants reside in California, and that "all the violations occurred in California." Hunter also argues that transferring the case would cause a great hardship for him, as his job and residence are in San Francisco.

In the opposition filed in San Francisco Superior Court, Hunter asserted that both the Dawsons are elderly and "unable to pursue a law suit," and that Carolyn Dawson, who is presently in San Francisco "in rehabilitation" would like to join Hunter in the present action, and would dismiss the Texas action if Countrywide's motion is denied. However, he also stated that Carolyn Dawson plans on returning to Texas once the "rehabilitation" is completed, as it is too expensive for her to live here. He did not mention Alvin Dawson, who apparently remains in Texas. He also asserted (based on prior experience with Countrywide's attorneys in Texas) that Texas is a state where corporations are considered right no matter what, and that for that reason he does not want his case heard there.

In reply, Countrywide notes as an initial matter that Hunter's attempt to amend the complaint by filing a motion to amend in San Francisco Superior Court is ineffective, as is his attempt to amend the complaint by asserting in his opposition to the present motion that it is "hereby Amended."

Moreover, Countrywide contends, even if the RESPA claim were properly dismissed, the case should still be transferred to Texas. Countrywide argues that this case is ultimately about whether Texas law required Hunter and the Dawsons to pay Texas property taxes on their Texas property. As such, the case should be heard by a Texas court. Countrywide contends that compelling defendants to litigate this case in California, while simultaneously having to litigate an identical case in Texas, would be costly and

patently unfair.

The court finds that the action should be transferred pursuant to 28 U.S.C. § 1404(a). The RESPA venue provision notwithstanding, it appears that venue is proper in this district. The general venue statutes do not apply to an action that has been removed from state court. Removal automatically satisfies federal venue requirements. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008 ed.) § 2:1048. In other words, when an action is removed from state court, venue is automatically proper in the federal district court located where the state action was pending. It is immaterial that venue would not have been proper if the action had initially been brought in that district. Id. § 4:394.

The removal statute authorizes defendant to remove "to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). The reason for this rule is that venue is the defendant's privilege, and defendant chose to transfer the case to the local district court. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953). Nevertheless, this rule will not prevent transfer to another district on motion under 28 U.S.C. § 1404(a) for convenience of parties and witnesses. Schwarzer, et al., §§ 2:1049, 4:401.

Thus, because venue is proper and § 1406 does not apply, the motion to dismiss is DENIED, and the court must evaluate the motion to transfer under § 1404. The court finds that the relevant factors favor transfer to the Southern District of Texas. The Northern District of California has no connection with the facts alleged. Hunter's choice of forum should be given less weight than usual, because the property is located in Texas, the loan was negotiated in Texas, the deed of trust was recorded in Texas, and two of the co-borrowers live in Texas. Other than Hunter, and possibly Ms. Dawson, any witnesses are likely to be located in Texas, as is the physical and documentary evidence. Texas courts are clearly more familiar with Texas property law than are the courts of California. Similarly, local interest in the controversy is strong in Texas and almost non-existent in California.

**CONCLUSION**

In accordance with the foregoing, the motion to transfer the action to the Southern District of Texas is GRANTED.

The date for the case management conference, previously set for Thursday, December 11, 2008, is VACATED.

**IT IS SO ORDERED.**

Dated: December 5, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge